UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. HANDLER, not individually, but solely in his capacity as Trustee-Assignee for the Benefit of Creditors of ELORAC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARTWELL RX SCIENCES, LLC, a New York limited liability company, <br><br> Defendant. | Case No. 1:24-cv-00863-JPC <br><br> **STIPULATION AND ORDER CONCERNING THE EXCHANGE OF PRIVILEGED AND CONFIDENTIAL INFORMATION** |

  IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their undersigned counsel, as follows:

  1. This Stipulation and Order is being entered into to facilitate the production and exchange of documents, information, and electronically-stored information ("ESI") that the parties (or, as appropriate, non-parties) agree or assert merit confidential treatment.

## PRIVILEGED MATERIAL

  2. The production by a party of privileged or work-product-protected documents, information, or ESI ("Privileged Material") by either party or, as applicable, a non-party (each a "Producing Party"), whether inadvertent or otherwise, shall not constitute a waiver of the attorney-client privilege, work product doctrine, or any other protection from discovery in this action, or in any other proceeding in federal or state court. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this Stipulation and Order is intended to or shall serve to limit a party's

{1681002.4 }

right to conduct a review of documents, information, or ESI for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

3.

    a. Upon discovery that it has inadvertently produced Privileged Material, receiving notification from any other party that it has received material that it believes to be inadvertently produced Privileged Material, the Producing Party shall promptly notify each party that received the materials (each such party a "Receiving Party") of such fact or claim and provide to each Receiving Party the basis for the claim of privilege, in the form of a privilege log as further provided herein.  A Receiving Party that discovers material that it believes to have been inadvertently produced to it shall promptly notify the Producing Party of what it believes to be the inadvertently produced Privileged Materials; provided, however, that no Receiving Party shall be deemed in violation of this Stipulation and Order for failing to identify any inadvertently produced Privileged Material. After discovering or being notified of any inadvertently produced Privileged Material, the Receiving Party must not use or disclose the inadvertently produced Privileged Material in any way until the claim is resolved and must take reasonable steps to retrieve the Privileged Material if the Receiving Party disclosed it before being notified of the Producing Party's claim of privilege or forming the belief that any material produced was inadvertently produced Privileged Material.

    b. If the Producing Party and all Receiving Parties agree that the Producing

Party's claim of privilege or other protection from discovery is valid, then each Receiving Party shall return or destroy the specified Privileged Material and any copies thereof to the Producing Party. If, however, any or all Receiving Parties dispute the Producing Party's claim of privilege or other protection from disclosure, any party may submit the dispute to the Court for determination, in which case it shall be the Producing Party's burden to establish the validity of the privilege or other protection from disclosure. The parties hereby agree that, in connection with any such dispute submitted to the Court, the Court may conduct an in-camera review of such allegedly Privileged Material, if it so requests, or if any party requests to do so. The furnishing of any such allegedly Privileged Material shall not constitute a waiver of the attorney-client privilege or any other protection from disclosure.

4. Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities (if any) to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

5. Documents, information, and ESI withheld from production on the basis of privilege or other protection from disclosure shall be identified by the withholding party in a privilege log. Documents, information, and ESI withheld from production on the basis of privilege or work-product protection may be logged by category rather than document-by-document. For each category of documents withheld the privilege log should indicate: (i) the date range; (ii) the sender/recipients/persons copied; (iii) a general description of the category of

documents; (iv) identification of the privilege(s) asserted; and (v) the total number of documents withheld in each category.

6. The parties may exclude from their respective privilege logs all privileged or protected documents, communications, and ESI created by the parties and/or their respective counsel of-record in this litigation on or after January 1, 2023.

## CONFIDENTIAL INFORMATION

7. Any Producing Party may designate documents, information, or ESI produced or provided in connection with this litigation as "Confidential." Such designation may be made by notation on each page of the document so designated or, in the case of ESI, by notation on the outside of the media used for production or by other appropriate means, such as written advice to all counsel of record.

8. Either party (or, as appropriate, non-party) may designate witness testimony given in connection with this litigation as "Confidential" by so designating the applicable page numbers of the transcript of such testimony at any time from the date of the testimony until 20 days after the transcript of such testimony is received by counsel for the party or non-party asserting that such testimony is "Confidential." Deposition testimony shall automatically be provisionally designated "Confidential" from the time it is made until the expiration of such period.

9. "Confidential Information" shall mean all documents, information, ESI, and testimony, and all information contained therein, and other information designated as Confidential, which contain or are derived from trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which, in the good faith judgment of the party (or, as appropriate, non-party) designating the material as

Confidential, would be detrimental to the conduct of that party's (or non-party's) business or the business of any of that party's (or non-party's) customers or clients. Extracts and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Stipulation and Order.

10. Either party may, at any time, notify the designating party or non-party that it does not concur in the designation of material as Confidential Information. If the parties cannot agree on the appropriateness of such designation, either party may move before the Court for an order classifying or declassifying such material as "Confidential." If no such motion is filed, such material shall continue to be treated as Confidential Information. If such a motion is filed, the material shall be deemed Confidential Information unless and until the Court rules otherwise. In all cases, it shall be the burden of the party claiming Confidential treatment of documents or information to justify such designation.

11. No Confidential Information shall be used by any party or its counsel for any purpose other than for the purpose of this litigation.

12. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except:

> a. personnel of the parties who are actually engaged in assisting in the preparation of this matter for trial and who have been advised of their obligations hereunder;
>
> b. counsel for the parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this matter for trial, and who have been advised by such counsel of their obligations hereunder;
>
> c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this matter or to give testimony with respect to the subject matter of this proceeding at the trial of

> this matter; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 13 hereof;
>
> d. the Court and court personnel;
>
> e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;
>
> f. deposition and trial witnesses; provided, however, that such Confidential Information is furnished, shown or disclosed to any non-party witness in accordance with paragraph 13 hereof; and
>
> g. any other person agreed to by the party or non-party who produced or furnished such Confidential Information.

Each party shall be responsible for ensuring that its respective personnel are advised of and comply with the terms of this Stipulation and Order.

13. Before any disclosure of Confidential Information is made to a non-party witness, expert witness, or consultant pursuant to paragraph 12 hereof, counsel for the party who called the non-party witness to testify or retained such expert witness or consultant shall obtain or make a reasonable effort to obtain from the non-party witness, expert witness, or consultant a written acknowledgment of his or her agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. In the case that such non-party witness, expert witness, or consultant refuses to execute a written acknowledgement of his or her agreement, in the form of Exhibit A attached hereto, counsel for the party who called the non-party witness to testify or retained such expert witness or consultant shall provide such non-party witness, expert witness, or consultant with a copy of this Stipulation and Order and advise that it is binding up him or her.

14. Any person who receives Confidential Information shall not reveal or discuss such Confidential Information to or with any person not entitled to receive such information under the terms hereof and shall take reasonable measures to store and maintain the Confidential Information in such a manner as will prevent unauthorized disclosure.

{1681002.4}　　　　　　　　　　　　　　　　　6

15. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, and (d) request such person or persons to execute an acknowledgement in the form of Exhibit A.

16. Within 60 days after the final termination of this litigation by settlement or by judgment and exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or non-party, or shall be destroyed, at the option of the Producing Party. The party charged with the destruction of such Confidential Information shall certify in writing within 60 days of the final termination of this litigation that it has undertaken its best efforts to destroy such Confidential Information and has done so to the best of its knowledge. Notwithstanding anything to the contrary, counsel for the parties may retain documents constituting its work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, subject to this Stipulation and Order, which shall continue to be binding after the conclusion of this litigation. This paragraph shall not be interpreted in a manner that would violate any applicable canon or rule of ethics or professional responsibility.

17. In the event that a Receiving Party is required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by any law, rule, or regulation of any governmental agency or regulatory authority) to disclose any Confidential Information of the other party, such party shall

provide the other party with prompt written notice of any such request or requirement so that such party may seek, at its own cost and expense, a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation and Order.  If the Receiving Party is legally compelled to disclose such Confidential Information before a protective order can be obtained, such party may, without liability hereunder, disclose to such tribunal only that portion of the information which it is legally required to disclose, provided that such party shall use its best efforts to preserve the confidentiality of the information, including, without limitation, by cooperating with the Producing or disclosing party, to obtain, at the latter's cost and expense, an appropriate protective order or other reliable assurance that Confidential treatment will be afforded to the Confidential Information by such court or tribunal.

18. This Stipulation and Order may be amended only by written agreement of the parties, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

19. This Stipulation and Order shall continue to be binding after the conclusion of this litigation.

20. This Stipulation and Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

21. Nothing herein shall be deemed to waive any privilege or protection recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents, information, or ESI revealed in the course of disclosure.

| | |
|---|---|
| **WARSHAW BURSTEIN, LLP**<br>*Attorneys for Defendant* | **BURKE, WARREN, MACKAY & SERRITELLA, P.C.**<br>*Attorneys for Plaintiff* |

By: __/s/ Robert Fryd_____
    Robert Fryd
    Meghan Hallinan
575 Lexington Avenue
New York, New York 10022
(212) 984-7700
rfryd@wbny.com
mhallinan@wbny.com

By: __/s/ David K. Welch_____
    David K. Welch
    Brian P. Welch
330 North Wabash Avenue, Ste 2100
Chicago, Illinois 60611
(312) 840-7000
dwelch@burkelaw.com
bwelch@burkelaw.com

    -and-

**BACKENROTH, FRANKEL, & KRINSKY, LLP**
Scott A. Krinsky
488 Madison Avenue, Ste 23rd Floor
New York, New York 10022
(212) 593-1100
skrinsky@bfklaw.com

SO ORDERED:

_____
**GABRIEL W. GORENSTEIN**
**UNITED STATES MAGISTRATE JUDGE**
    June 25, 2024

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. HANDLER, not individually, but solely in his capacity as Trustee-Assignee for the Benefit of Creditors of ELORAC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARTWELL RX SCIENCES, LLC, a New York limited liability company, <br><br> Defendant. | Case No. 1:24-cv-00863-JPC <br><br> **ACKNOWLEDGMENT OF STIPULATION AND ORDER CONCERNING THE EXCHANGE OF PRIVILEGED AND <u>CONFIDENTIAL INFORMATION</u>** |

I, _____, state that:

1. I am employed by _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Stipulation and Order Concerning the Exchange of Privileged and Confidential Information entered in the above-entitled action. I have carefully read and understand the provisions of the Stipulation and Order.

4. I agree to be bound by and comply with all of the provisions, terms, and conditions of the Stipulation and Order.

Dated:_____        _____

{1681002.4}                                    10